## UNITED STATES *v.* PARKER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEVADA.

Argued January 3, 1887. — Decided January 24, 1887.

A judgment entered upon motion of defendant's attorney of record that "it appearing that the subject-matter in this suit has been adjusted and settled by the parties, it is therefore ordered that this cause be, and the same is, hereby dismissed," is a judgment on the merits, final in form and nature, and is a bar to a subsequent suit against the defendant for the same cause of action. This rule also prevails in Nevada by statute. Gen. Stat. Nevada, 1885, § 3173.

The difference between a *retraxit* and a non-suit pointed out.

As pleadings in Nevada are required to be construed in a sense to support the cause of action or defence, and as facts in the record not fully set forth in defendant's plea clearly show that the cause of action sued on in this case is the cause of action in the judgment pleaded in bar; *Held:* that the defendant's plea sufficiently avers all the facts necessary to constitute the former judgment a bar to this action.

*Mr. Solicitor General* for plaintiff in error.

*Mr. C. J. Hillyer* for defendants in error. *Mr. William M. Stewart* was with him on the brief.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This is an action at law commenced by the United States, on the 18th of November, 1885, against Hubbard G. Parker, as principal, and William M. Stewart, as surety, upon an offi-

cial bond executed on the 12th day of March, 1867, in the penal sum of $20,000, the condition of which was that, whereas the said Hubbard G. Parker had been appointed superintendent of Indian affairs for Nevada, and had accepted such appointment, if the said Hubbard G. Parker should at all times carefully discharge the duties thereof, and faithfully expend all public moneys and honestly account for the same, and for all public property which should or might come into his hands, without fraud or delay, the obligation should be void.

It is alleged in the complaint, that, after the execution of the bond, and while the defendant Parker still held and remained in said office, and prior to November 18, 1869, the plaintiff placed in his hands various and sundry large sums of money to be expended by him for the benefit of the Indians of Nevada, and to be properly accounted for by him. That on said November 18, 1869, "there, then, and ever since has remained and now remains of said moneys in said defendant Parker's hands, unexpended and unaccounted for, the sum of $6184.14;" and he having failed to account for or to return the same to the plaintiff, judgment is prayed for against the defendants for that amount, with interest thereon at the rate of six per cent. per annum from November 18, 1869.

The defendants filed the following answer:

"That heretofore, to wit, on the 27th day of November, A.D. 1871, the above-named plaintiff commenced an action in the Circuit Court of the United States, Ninth Circuit and District of Nevada, against said above-named defendants, upon the official bond of the defendant Hubbard G. Parker, as superintendent of Indian affairs for Nevada, (the same identical bond as set out in the complaint herein,) to recover the sum of fifteen thousand one hundred and eight and $\frac{62}{100}$ ($15,108.62) dollars, together with interest and costs. That said action was commenced by the filing of a complaint and the issuance of summons thereon in due form of law. That the said defendants appeared in said action by their attorneys, Ellis & King, and on, to wit, December 15, A.D. 1871, filed their answer to the complaint, and, among other things, denied that there was any balance due the United States from the said defend-

ant, Hubbard G. Parker, as superintendent of Indian affairs for Nevada, or otherwise. That said United States Circuit Court had jurisdiction of the parties and the subject-matter of said action.

"That afterwards, and on, to wit, the 1st day of December, A.D. 1873, said cause came on for trial in the said Circuit Court of the United States and District of Nevada, before Hon. Lorenzo Sawyer, Circuit Judge, and Hon. E. W. Hillyer, United States District Judge for Nevada, the plaintiff being represented by its duly authorized and appointed attorney for the District of Nevada, Jonas Seely, and the defendants being represented by their attorneys, Messrs. Ellis & King.

"That thereupon the defendants, by their attorneys, presented to the court a statement of accounts duly certified by the Second Auditor and Second Comptroller of the Treasury Department of plaintiff, showing that said defendant Hubbard G. Parker's accounts with the United States as superintendent of Indian affairs for Nevada had been settled and adjusted, and that the said defendant Parker was discharged from all claims of the United States as superintendent of Indian affairs for Nevada, or otherwise, and that said Parker was not indebted to the United States in any sum whatever as superintendent of Indian affairs for Nevada, or otherwise.

"Whereupon in open court, on motion of defendants' attorneys, the district attorney representing the United States consenting thereto, the following judgment was duly made and entered, to wit :

"'Upon motion of Ellis & King, attorneys for defendants, and it appearing to the court that the subject-matter in this suit has been adjusted and settled by the proper parties in Washington, it is therefore ordered that this cause be, and the same is, hereby dismissed.'

"Defendants further aver that said judgment so as aforesaid made and entered is a bar to any and all claims of the plaintiff in this action against each and all of the said defendants, and that the said plaintiff is estopped thereby, and ought not to have or maintain this action.

"And for further and separate answer defendants aver that

on the 21st day of June, A.D. 1872, the said defendant Hubbard G. Parker, as superintendent of Indian affairs for Nevada, made a full settlement with proper officers of the United States of all his accounts as superintendent of Indian affairs for Nevada, and his accounts were finally adjusted and settled by the Second Auditor and Second Comptroller of the Treasury Department of plaintiff, whereby he was fully discharged from all obligations and demands of the United States as superintendent of Indian affairs for Nevada, or otherwise.

"Defendants further aver that the pretended claim against these defendants for six thousand one hundred and eighty-four and $\frac{14}{100}$ ($6184.14) dollars is founded upon a pretended readjustment of the accounts of the said defendant Parker by the Second Auditor and Second Comptroller of the Treasury Department of plaintiff, made on the 25th day of June, A.D. 1884, and that such pretended readjustment was made without authority of law. That the said settlement and adjustment made on the 21st day of June, A.D. 1872, aforesaid, was final and conclusive, and a bar to the pretended claim for $6184.14 herein, or any claim of the United States against these defendants, or either of them."

To this answer the plaintiff demurred, on the ground that it did not state facts sufficient to constitute a bar to the cause of action set out in the complaint. This demurrer was overruled; and, the attorney for the plaintiff resting his case upon the demurrer, judgment was entered in favor of the defendants, to reverse which the United States have sued out and now prosecute this writ of error.

In the view which we take of the case, it is not necessary to consider the validity of the second defence set up in the answer. The points relied upon by the plaintiff in error, so far as the first defence is concerned, are, 1st, that the former judgment relied on as an estoppel does not appear to be for the same cause of action as that on which recovery is now sought; and, 2d, that the judgment is not a final judgment on the merits. The two actions are upon the same bond, but it is alleged that it does not sufficiently appear that the recovery sought in the two actions is upon the same breach. In the

first action the amount alleged to be due was $15,108.62, the action having been brought November 27, 1871. On the trial on December 1, 1873, the averment is that the defendants presented to the court a statement of accounts, duly certified by the Second Auditor and Second Comptroller of the Treasury Department, showing that the defendant Parker's accounts with the United States as superintendent of Indian affairs for Nevada had been settled and adjusted, and that Parker was thereby discharged from all claims of the United States against him as superintendent of Indian affairs for Nevada, or otherwise, and that said Parker was not indebted to the United States in any sum whatever as superintendent of Indian affairs for Nevada, or otherwise.

It is stated, by way of recital in the judgment itself, that it thus appeared to the court, "that the subject-matter in this suit has been adjusted and settled by the proper parties in Washington." This recital, together with the judgment founded on it, was entered by the consent of the attorney representing the United States, who thus in open court officially admitted the effect of the evidence to be as claimed. The present action was begun on the 18th of November, 1885, but the breach alleged occurred on November 18, 1869, the judgment demanded being for the amount stated then to have become due, with interest thereon from that date. The cause of action, therefore, arose and existed at that time, and if in existence now it must have been so at the date of the trial of the first action, to wit, December, 1, 1873. It is, therefore, a fair and reasonable, if not a necessary, inference that the amount alleged to be due in the present action was part of the larger amount sought to be recovered in the former action. It is not material that the two sums are not identical; it is sufficient that the smaller was part of the larger amount. In the first cause there might have been a recovery, if the proof had justified, for a sum less than that demanded. It was found and adjudged by the court in that cause, not only that the whole sum demanded was not due, but that there was nothing due from the defendant to the United States; and if nothing was then due, the amount now sought to be recovered

must have been adjudged not to have been due; for if due now, according to the averments of the complaint, it was due from a time prior to the date of that trial and judgment. The averment is that it was due on and from November 18, 1869. It may be, according to the rule of pleading at common law, where a former judgment is set up by way of a bar to the action as an estoppel, the plea in this case would not be regarded as sufficiently certain, for want of an express averment that the amount sought to be recovered in this action was part of the same amount sought to be recovered in the prior action. But the rules of the common law as to pleading are not in force in Nevada, where the procedure is regulated by a statutory code, which governs the practice of the courts of the United States sitting therein in common law cases by virtue of § 914 of the Revised Statutes. This code, like other similar codes regulating the practice of the state courts, has relaxed the strictness of the common law rules of pleading, so that now, instead of construing pleadings strictly against the party, they are to be construed liberally in his favor, for the furtherance of justice.

Section 70 of the Civil Procedure Act of the State of Nevada, approved March 8, 1869 (Laws of 1869, p. 206), being § 3092 of the General Statutes of Nevada of 1885, is as follows : " In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties."

In commenting on this section, the Supreme Court of Nevada, in *Ferguson* v. *Virginia & Truckee Railroad*, 13 Nevada, 184, 191, uses the following language : " But the rule of construing pleadings most strongly against a pleader has been replaced in this state by the more liberal rule prescribed in § 70 of the Practice Act. This section is the same as § 159 of the New York Code. The result of the decisions in that state seems to be, that, on a general demurrer, the allegations of a complaint will be construed as liberally in favor of the pleader as, before the code, they would have been construed after the verdict for the plaintiff. That is, they will be construed in such a sense as to support the cause of action or the defence.

Moak's Van Santvoord's Pl., 3d ed., side page 771 *et seq.*, and cases cited. In this state a similar doctrine has been declared in *State* v. *Central Pacific Co.*, 7 Nevada, 99, 103."

Applying this rule, it becomes quite clear that the pleading in question sufficiently avers all the facts necessary to constitute the former judgment, a bar to the present action.

The second question is, whether the judgment rendered in the first action was final. It is claimed to be equivalent only to a non-suit, and therefore not *res judicata*. A judgment of *non-suit*, whether rendered because of the failure of the plaintiff to appear and prosecute his action, or because upon the trial he fails to prove the particulars necessary to make good his action, or when rendered by consent upon an agreed statement of facts, is not conclusive as an estoppel, because it does not determine the rights of the parties. *Homer* v. *Brown*, 16 How. 354; *Manhattan Life Ins. Co.* v. *Broughton*, 109 U. S. 121; *Haldeman* v. *United States*, 91 U. S. 584. But a non-suit is to be distinguished from a *retraxit*. *Minor* v. *Mechanics' Bank*, 1 Pet. 46. Blackstone defines the difference as follows: "A *retraxit* differs from a non-suit in this: one is negative and the other positive. The non-suit is a mere default or neglect of the plaintiff, and therefore he is allowed to begin his suit again upon payment of costs; but a *retraxit* is an open, voluntary renunciation of his claim in court, and by this he forever loses his action." 3 Blackstone Com. 296. And it has been held that a judgment of dismissal, when based upon and entered in pursuance of the agreement of the parties, must be understood, in the absence of anything to the contrary expressed in the agreement and contained in the judgment itself, to amount to such an adjustment of the merits of the controversy, by the parties themselves through the judgment of the court, as will constitute a defence to another action afterwards brought upon the same cause of action. *Bank of Commonwealth* v. *Hopkins*, 2 Dana, 395; *Merritt* v. *Campbell*, 47 Cal. 542. It is clearly so, when, as here, the judgment recites that the subject-matter of the suit had been adjusted and settled by the parties. This is equivalent to a judgment that the plaintiff had no cause of action, because the defence of the defendant was found to be

sufficient in law and true in fact. Upon general principles of the common law, regulating the practice and procedure of courts of justice, it must be held that the judgment here in question was rendered upon the merits of the case, is final in its form and nature, and must have the effect of a bar to the present action upon the same cause.

If its effect is to be determined by the statutes of Nevada, the same conclusion will be reached. The Civil Practice Act of that state, passed March 8, 1869, Gen. Stat. Nevada, 1885, § 3173, is as follows:

"An action may be dismissed or a judgment of non-suit entered in the following cases: First. By the plaintiff himself at any time before trial, upon the payment of costs, if a counter-claim has not been made. If a provisional remedy has been allowed, the undertaking shall thereupon be delivered by the clerk to the defendant, who may have his action thereon. Second. By either party upon the written consent of the other. Third. By the court when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal. Fourth. By the court, when upon trial and before the final submission of the case the plaintiff abandons it. Fifth. By the court, upon motion of the defendant, when upon the trial the plaintiff fails to prove a sufficient case for the jury. The dismissal mentioned in the first two subdivisions shall be made by an entry in the clerk's register. Judgment may thereupon be entered accordingly. In every other case the judgment shall be rendered on the merits."

It thus appears that there are five instances in which the dismissal of an action has the force only of a judgment of non-suit; "in every other case," the statute provides, "the judgment shall be rendered on the merits." If the case at bar is not included among the enumerated cases in which a dismissal is equivalent to a non-suit, it must, therefore, be a judgment on the merits. In the present case the suit was not dismissed by the plaintiff himself before trial, nor by one party upon the written consent of the other, nor by the court for the plaintiff's failure to appear on the trial, nor by the court at the trial for an abandonment by the plaintiff of his cause; neither was

it a dismissal by the court upon motion of the defendant, on the ground that the plaintiff had failed to prove a sufficient case for the jury at the trial. The judgment was rendered upon the evidence offered by the defendants, which could only have been after the plaintiff had made out a *prima facie* case. That evidence was passed upon judicially by the court, who determined its effect to be a bar to the cause of action. This was confirmed by the consent of the attorney representing the United States. The judgment of dismissal was based on the ground of the finding of the court, as matter of fact and matter of law, that the subject-matter of the suit had been so adjusted and settled by the parties that there was no cause of action then existing. This was an ascertainment judicially that the defence relied upon was valid and sufficient, and consequently was a judgment upon the merits, finding the issue for the defendants. Being, as already found, for the same cause of action as now sued upon, it operates as a bar to the present suit by way of estoppel.

*The judgment is affirmed.*