CLEVELAND et al. v. HIGGINS, Collector of Internal Revenue.

No. 156.

Circuit Court of Appeals, Second Circuit.

April 10, 1945.

Earl A. Darr, of New York City (Francis A. Devin, of New York City, of counsel), for plaintiffs-appellees.

James B. M. McNally, U. S. Atty., of New York City (John B. Creegan and Joseph C. Kenney, Asst. U. S. Atty., both of New York City, of counsel), for defendant-appellant.

Before CHASE, HUTCHESON, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The plaintiffs are executors of the will of Alfred W. Erickson, a resident of the City of New York who died November 2, 1936. They duly filed an estate tax return and then elected, pursuant to the option provided by § 302(j) of the Revenue Act of 1926, as added by amendment by § 202 (a) of the Revenue Act of 1935, 26 U.S.C.A. Int.Rev.Acts, page 231, to have the value of the gross estate determined by a valuation as of one year after the date of

decedent's death. Upon audit of the return, the Commissioner determined a deficiency by adding to the gross estate as reported the amount of the estate's income during the year following the decedent's death. The estate tax as thus determined was paid in 1939, the last payment being made on September 29th. The executors contended through their attorneys that this income was not lawfully includable in the gross estate and filed a claim on October 24, 1939, for the refund of the taxes assessed and paid because it had been included. On November 24, 1939, an amended claim for the same refund was filed and on January 29, 1940, the Commissioner rejected both the original and the amended claim in full.

The executors then brought suit against this defendant, who is the Collector of Internal Revenue for the Third District of New York, to recover the refund claimed. After the suit had been brought, the Supreme Court decided Maass v. Higgins, 312 U.S. 443, 61 S.Ct. 631, 85 L.Ed. 940, 132 A.L.R. 1035, on March 3, 1941. That decision left no defense to the suit, and in accordance with a stipulation of the parties it was dismissed with prejudice after the plaintiffs had been paid the amount of their claimed overpayment of the estate taxes with interest.

The attorneys who filed the refund claim for the executors also brought the above mentioned suit for them and carried it to the conclusion stated. They charged, and were paid for their services after the completion of that work $18,346.18. The executors paid them on August 21, 1942, and on September 14, 1942, filed another claim for the refund of $7,668.69 with interest. This claim was based on a diminution of the gross estate in computing the net estate for tax purposes by deducting the amount of the payment to the attorneys as administration expenses deductible pursuant to § 303(a) (1) (B), as amended, 26 U.S.C.A. Int.Rev.Acts, page 232, and T. R. 80, Art. 34.

The refund claim was rejected, however, on November 16, 1942, on the ground that the dismissal of the first suit with prejudice after the payment to the plaintiffs of the entire refund claimed was res adjudicata as to all overpayments of estate taxes and barred the allowance of the additional claim for refund.

The plaintiffs brought this suit on November 23, 1942, to recover the claimed refund. A motion by the defendant to dismiss the complaint on the ground that it failed to state a cause of action was denied by the district judge then sitting in the motion part. The case was tried by another judge without a jury, the facts being stipulated, and the trial judge, following what he deemed to be the law of the case as established by the decision on the motion to dismiss the complaint, held that this suit was not barred by the dismissal with prejudice of the first action and entered judgment for the plaintiffs for the amount claimed. The defendant then appealed.

The appellant's position on this appeal may be stated as follows: The estate tax was upon the net value of the taxable estate of the decedent and consequently was one tax. The amount of the overpayment of it was conclusively established in the first suit not only as to what was included in the first claim for refund but as to what might have been so included. The whole amount later paid the attorneys could have been included by estimation in the first claim and the outcome of the first suit is, therefore, res adjudicata as to the entire claim in the present action. But, if recovery is not barred for that reason as to the entire amount here in controversy so much of it is barred as is attributable to the amount earned by the attorneys up to the time the first refund claim was filed, and as that has not been shown the judgment must be reversed because the appellees did not prove how the correct amount of any overpayment could be determined.

The estate tax was assessed and paid as a single tax, and a final decision in a suit brought to recover for overpayment is res adjudicata not only as to what was included in the refund claim but as to what might have been included. Nor does the fact that the refund claim did not cover all which might have been included therein prevent the judgment from being res adjudicata. Guettel v. United States, 8 Cir., 95 F.2d 229, 118 A.L.R. 1060. Though the filing of a claim comprehensive enough to cover all that could be made the basis of a suit for overpaid taxes may be insisted upon by the government as a prerequisite to recovery, strict compliance with the statute in that respect may be waived, and, if it is not waived, "dismissal of the suit may be followed by a new claim for refund and another suit within the period of limitations." Tucker v.

Alexander, 275 U.S. 228, 48 S.Ct. 45, 46, 72 L.Ed. 253. It follows that if the appellant is right in saying that the appellees could have included in the first claim for refund what was made the basis of the second refund claim, the decision in the first suit was res adjudicata for a dismissal with prejudice is a final judgment on the merits which will bar a second suit between the same parties for the same cause of action. United States v. Parker, 120 U.S. 89, 7 S.Ct. 454, 30 L.Ed. 601; Baker v. Cummings, 181 U.S. 117, 21 S.Ct. 578, 45 L.Ed. 776. The cause of action which thus becomes res adjudicata comprehends not only what was actually decided but all matters which might have been decided. Tait v. Western Maryland R. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405.

■ There can be no doubt that the fees paid the attorneys for filing the first claim for refund and for their services in connection with the first suit are deductible as proper administration expenses in computing the net estate for taxation. Nor is it contended that they are not, but great emphasis is put upon T.R. 80, Art. 34, which permits an executor or administrator in filing an estate tax return to "deduct such an amount as attorneys' fees as has actually been paid or which at that time it is reasonably expected will be paid." Upon final audit the amount deducted will be allowed if then it has been paid or if the Commissioner is satisfied that it will be paid, or "the Commissioner may disallow such part, or all, of the deduction as the circumstances may warrant, subject to such future adjustment as the facts may require." The regulation does not in terms apply to the present situation, however. It is limited to the filing of the return in point of time and in subject matter to what it is at that time reasonably expected will be paid as attorneys' fees.

While it does not expressly apply to claims for the refund of taxes paid, it does provide for the deduction of prospective attorneys' fees which executors and administrators will incur and have to pay in administering the estate, in computing the net taxable estate subject to adjustment upon final audit. And when a claim for the refund of estate taxes overpaid is filed, an essential element involved is the correct amount of the net taxable estate just as it is when a return is filed as a basis for computing that amount. We see no sound reason why a fair estimate of attorneys' fees which an executor reasonably expects he will have to pay when he files a claim for refund of overpaid estate taxes cannot be made in part the basis of that claim though the fees are not ascertainable in the correct amount as of that time. If thus claimed they may be treated by way of allowance or disallowance subject to final adjustment exactly as in the case of prospective attorneys' fees at the time the return is filed. This litigation is a good example of what may otherwise happen within the period limited for filing refund claims. The filing and rejection of a claim followed by suit and judgment with consequent expenses of administration by way of attorneys' fees diminishes the net taxable estate, and that diminution is made the basis of another refund claim which is rejected. Then another suit may be brought and more attorneys' fees which are deductible may be paid and the consequent lessening of the net estate made the basis for repeating the same procedure until the lapse of time puts an end to endeavor. If, however, such attorneys' fees as an executor reasonably expects to have to pay when a refund claim is filed are reflected in the claim, the allowable deduction from the gross estate may be shown and given effect, after amendment if necessary, in the disposition of the claim by administrative action and by suit, if suit has to be brought, so that the expenses of the litigation which follows a rejection of that claim will not give rise to an additional claim for refund.

■ But apart from the practical advantage of doing away with such an element of uncertainty in the collection of estate taxes, the principle underlying the doctrine of res adjudicata applies to suits for the collection of overpaid taxes. In this instance the executors knew when the first refund claim was filed that resulting attorneys' fees would have to be paid. They could have been estimated as accurately as possible and made a basis for the claim. By the time the suit had been pending to the point where the complaint was about to be dismissed, the fees of the attorneys could easily have been ascertained. In the unlikely event that such scrupulous procedure had been insisted upon, the refund claim could have been amended by the substitution of the correct amount for the estimate, and the amount to be refunded as a condition precedent to

the dismissal of the complaint computed accordingly. The final judgment in that suit was, therefore, res adjudicata as to the amount of the overpayment and barred the present action. Guettel v. United States, supra.

Reversed and complaint dismissed.