## BASSETT'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.
### No. 14, Docket 20933.

United States Court of Appeals
Second Circuit.

Nov. 29, 1948.

Howard M. Bassett, of New York City (Edward M. Bassett, of New York City, of counsel), for petitioner.

Theron Lamar Caudle, of Washington, D. C., (George A. Stinson, Ellis N. Slack and Louise Foster, all of Washington, D. C., of counsel), for respondent.

Before SWAN, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The decedent, Annie P. Bassett, died on January 22, 1942, at the age of 76. Her executor, the petitioner here, reported a gross estate of $95,000 and a net taxable estate of $10,000. During the last year of her life, she made various small gifts of $3,000 to $12,000 each to her children and their families. The total amount of these gifts was $190,000. Between 1922 and 1932 she had made fourteen small gifts to her children aggregating $76,000 and in 1940 she gave each child $4,000, a total of $20,000.

These gifts were apparently made pursuant to a common plan adopted by decedent and her husband; for her husband, who survived her, also made a considerable number of small gifts to their children and grandchildren. Between 1920 and 1932, these gifts by her husband aggregated $96,000; from 1935 to 1940, $97,000; and in 1941 and until Mrs. Bassett died in 1942, $155,000.

In December, 1938 Mrs. Bassett informed her husband that she had discovered a lump in her right breast. Her husband took her at once to a surgeon who diagnosed the lump as cancer and immediately amputated the breast. Although Mrs. Bassett asked the surgeon if she had cancer, he did not tell her or any member of her family that it was. Following the operation, a number of X-ray treatments were given and there was no evidence of a recurrence at that time. In January, 1941, Mrs. Bassett developed a cough and again visited the surgeon. In May, an X-ray disclosed the probable presence of cancer of the right lung, and X-ray treatments were given her for several months. The surgeon informed decedent's daughter of his suspicion and later of his conviction that a cancer existed. In the latter part of 1941 pneumonia developed. Nevertheless, Mrs. Bassett never

displayed overtly any fear of impending death. She prepared for the winter by having her fur coats repaired, and continued her activity in several social organizations until her last illness forced her to bed.

The Tax Court found that the gifts she made in 1941 and 1942 were made in contemplation of death; the Tax Court also sustained the Commissioner's determination that $5,000 was a reasonable attorney's fee, denying the petitioner's claim of a deduction of $10,000. From that court's decision, petitioner appeals.

1. The statute, § 811(c) of the Internal Revenue Code, 26 U.S.C.A. § 811(c), provides that "Any transfer of a material part of his [decedent's] property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death * * * shall, unless shown to the contrary, be deemed to have been made in contemplation of death". While it may be that none of the separate gifts in this case was a "material part" of the decedent's property, yet, as the gifts aggregated over half of her estate, the statutory presumption applies.

The evidence shows that decedent continued to lead an active life in 1941, apparently contemplating further activity in 1942, and that she and her husband had some common pattern of giving. On the other hand, as, according to the evidence, she was a highly intelligent woman, we cannot say that the Tax Court erred in finding that she probably suspected she had cancer. In 1941, when her right lung began to bother her seriously, the rate of giving accelerated rapidly. On the record viewed as a whole, we believe that the statutory presumption was not overcome, and that the finding of the Tax Court that the gifts were made "in contemplation of death" was not clearly erroneous.

2. The Tax Court sustained the Commissioner's allowance of $5,000 for attorneys' fees "to date," i. e., did not include fees for services in handling this case in the Tax Court or in this court. As substantial services have been rendered since this allowance was made, we remand to the Tax Court to consider whether an additional amount should now be allowed. See Cleveland v. Higgins, 2 Cir., 148 F.2d 722, 724.

Affirmed in part; in part remanded.