**UNITED STATES of America, Plaintiff,**

v.

**Louise K. HERTER, as Executrix of the Estate of Clarence S. Herter, Defendant.**

United States District Court
S. D. New York.
Feb. 11, 1957.

Paul W. Williams, U. S. Atty., for the Southern District of New York, New York City, for plaintiff, William Stackpole, Asst. U. S. Atty., New York City, of counsel.

Neilson Olcott, New York City, for defendant.

FREDERICK van PELT BRYAN, District Judge.

The Government sues to collect from defendant executrix of a decedent's estate the balance due on a deficiency assessment of estate taxes. In her answer defendant denies liability and interposes two affirmative defenses and a counterclaim. The Government now moves to strike these defenses, to dismiss the counterclaim and for summary judgment.

Decedent died on March 14, 1945 and his will was probated in the Surrogate's Court of New York County. In 1946 defendant filed a Federal estate tax return which showed no liability for Federal estate taxes. On August 24, 1949 the Commissioner issued a 150-day statutory notice of deficiency in the sum of $435,-230.60.

Thereafter defendant filed a petition in the Tax Court disputing this deficiency assessment. Both parties entered into a stipulation of facts which was filed in the Tax Court. After a three-day trial, and with the stipulation of facts before it, the Tax Court rendered an opinion on March 31, 1954 which had the effect of eliminating the major portion of the deficiency. Pursuant to the opinion a re-computation of the deficiency was agreed to by the parties without prejudice to the right of appeal. On May 11, 1954 the Tax Court entered its decision, which, based on the stipulated recomputation, found that there was an estate tax deficiency in the amount of

$37,756.20. No petition for review of this decision was filed and no appeal was taken. The decision became final on August 11, 1954.

On November 16, 1955 defendant filed in the Tax Court "a motion for leave to move, and if leave is granted, motion to vacate or modify order under Rule 50, 26 U.S.C.A. (I.R.C.1954) § 745.3, entered May 11, 1954, and to reopen to include additional administration expenses incurred and to fix the estate tax including accrued interest". After hearing, this application was denied on November 28, 1955.

On September 9, 1954 the Commissioner had made an assessment against the estate of Federal estate taxes in the amount of $37,756.20, the amount of the deficiency found by the Tax Court, together with interest in the amount of $18,596.87. Thereafter defendant made two payments on account of this liability, leaving an outstanding balance, now alleged to be due the Government, of $20,201.37, plus accrued interest. On March 2, 1956 the District Director filed with the defendant executrix a proof of claim in this amount, plus statutory interest thereon of $1,581.36. This claim was rejected by defendant on March 6, 1956 and thereafter the Government commenced this action within 90 days after rejection. New York Surrogate's Court Act, § 211.

The defendant denies that the amount claimed is due and owing to the Government, and attacks the assessment upon which it is based, alleging, in substance, in her affirmative defenses that (1) assets of the estate consisting of an interest in certain real property and an overdue promissory note were incorrectly valued in the proceedings before the Tax Court, (2) the estate is entitled to deductions in excess of $125,000 for administration expenses alleged to have been incurred by the executrix in traveling back and forth from France, where she resided, and living in New York for extended periods so as to carry out necessary duties in connection with the litigation in the Tax Court and in this Court, and other estate matters, and (3) the estate is not liable for the interest assessed on the deficiency found by the Tax Court and has, in fact, paid the amount due in full.

The counterclaim asserts that since the additional deductions to which defendant claims to be entitled would wipe out the tax, the previous payments made on account of the assessment were in fact overpayments which should be refunded to the estate with interest.

 It is the contention of the Government that the prior decision of the Tax Court is *res judicata* on all of the issues now raised by defendant's answer, with the exception of defendant's claim that it is entitled to be relieved of interest. As to the interest question, the Government asserts that defendant is made liable for interest by the express language of the statute, and that there are no grounds on which defendant could be relieved of that liability. The Government therefore maintains there is no defense to this action and that it should have judgment in its favor for the full amount claimed.

There is no doubt that a decision of the Tax Court may be *res judicata* in a subsequent litigation between the same parties in the same manner as any other judgment. Pelham Hall Co. v. Hassett, 1 Cir., 147 F.2d 63.

In this case the parties in the prior proceeding in the Tax Court were identical with the parties here. The claim or demand litigated in the Tax Court proceeding was the defendant's estate tax liability, the identical matter which is the subject of defendant's claims in the instant action. The Tax Court rendered a final decision on the merits in that proceeding.

A judgment on the merits in a prior action between the same parties upon the same claim or demand is *res judicata* and an absolute bar, not only as to issues which were litigated in the prior action, but also as to all matters which might have been there litigated. Cromwell v. County of Sac, 94 U.S. 351, 352–

353, 24 L.Ed. 195; Southern Pacific R. Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355; United States v. Moser, 266 U.S. 236, 241, 45 S.Ct. 66, 69 L.Ed. 262; Tait v. Western Maryland Ry. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L. Ed. 1405. A prior judgment fixing the amount of estate tax has precisely this effect in a subsequent action. Cleveland v. Higgins, 2 Cir., 148 F.2d 722.

The petition of the executrix, here the defendant, before the Tax Court, expressly raised the issues of the value for estate tax purposes of decedent's interest in the real property at 902 Broadway, and of the promissory note due to decedent from his brother. The stipulation of facts entered into by the defendant fixed the agreed percentage of decedent's interest in this real property, and also the agreed value of the note as of the date of death. The decision of the Tax Court was a final determination of these specific issues which were actually litigated before it as part of the larger question of defendant's overall estate tax liability. Defendant is clearly barred from re-litigating these issues here, as it now seeks to do.

The executrix did not, in the Tax Court proceeding, expressly claim a deduction for additional administration expenses allegedly incurred in litigating the tax liability of the estate and in other aspects of administration, though the question of administration expenses was in issue before the Tax Court. However, it is the rule in this Circuit that, even assuming the rather doubtful proposition that the traveling and living expenses of the executrix in this connection were proper deductions, the Tax Court decision is *res judicata* on this matter also. The executrix could have raised this question before the Tax Court. She could have set forth her actual expenses up to the time of the proceeding and estimated her prospective expenses, subject to later verification and adjustment. These matters could then have been litigated in the Tax Court proceeding. Therefore its decision is an absolute bar to raising the issue in this later litiga-

tion. Cleveland v. Higgins, supra; Van Dyke v. Kuhl, 7 Cir., 171 F.2d 187; see, also, concurring opinion of Hutcheson, C. J., in United States v. C. C. Clark, Inc., 5 Cir., 159 F.2d 489, 490.

Defendant cites cases in other Circuits which have taken a different view on this question. These cases proceed on the theory that there are circumstances where there would be too much difficulty in estimating, with reasonable certainty, prospective administration expenses concerned with tax litigation prior to the conclusion of the litigation. Magruder v. Safe Deposit & Trust Co., 4 Cir., 159 F.2d 913; Martin v. Brodrick, 10 Cir., 177 F.2d 886; First National Bank of Atlanta v. Allen, D.C.N. D.Ga., 100 F.Supp. 133.

In the case at bar, however, no reason is shown why the administration expenses now claimed to be deductible could not have been estimated with at least as much certainty as the expenses involved in Cleveland v. Higgins, supra. The facts plainly fall within the bounds of the opinion of the Court of Appeals of this Circuit in that case. This Court is bound by the Cleveland case and fully agrees with its reasoning.

Defendant contends that she is not estopped by the decision of the Tax Court because she filed a claim for refund on the grounds advanced in this action subsequent to the Tax Court decision. Apparently she believes that the filing of such a refund claim gives her the right to re-litigate these questions *de novo* in this Court and to disregard the prior decision of the Tax Court in the proceeding she elected to bring there. She makes a somewhat similar contention on the basis of her rejection on these same grounds of the Government's filed claim for the amount of the deficiency assessment, pursuant to the New York Surrogate's Court Act. She claims that this action is one authorized by the Surrogate's Court Act after rejection of a claim, and that she may therefore again litigate these questions despite the Tax Court decision.

Neither of these contentions have any merit. The decision of the Tax Court is a complete bar on such issues wherever and however they may be raised between the parties.

■ The question of defendant's liability for interest on the deficiency assessed stands on a different footing. The Tax Court has no jurisdiction to deal with whether interest should or should not be added to a taxpayer's liability. United States v. Globe Indemnity Co., 2 Cir., 94 F.2d 576; Guaranty Trust Co. of New York v. United States, D.C.S.D. N.Y., 95 F.Supp. 776, affirmed, 2 Cir., 192 F.2d 164. It did not purport to do so here. Since the Tax Court has no jurisdiction over interest, the determination of the Tax Court is not in itself a bar to defendant's contest of the Government's claim to interest.

However, defendant's affirmative defenses with respect to interest are insufficient for different reasons.

A taxpayer's liability for interest on a deficiency is set forth in 26 U.S.C. § 6601(a), formerly § 292(a) of the Internal Revenue Code of 1939. Section 292(a) of the 1939 Code provided that:

"Interest upon the amount determined as a deficiency *shall* be assessed * * *, *shall* be paid upon notice and demand from the collector, and *shall* be collected as a part of the tax * * *." (Emphasis added.)

■ It is to be noted that the statute does not use the permissive language "interest *may* be collected" but the mandatory "interest *shall* be collected". This section requires that, once a tax deficiency has been determined, interest must be paid. It codifies the law under which the Government had theretofore been held entitled to recover interest on taxes due and owing. See Billings v. United States, 232 U.S. 261, 284–288, 34 S.Ct. 421, 58 L.Ed. 596. The purport of this rule is clear: "The United States is to have the possession and use of the lawful tax at the date it is properly due".

Manning v. Seeley Tube & Box Co., 338 U.S. 561, 568, 70 S.Ct. 386, 390, 94 L.Ed. 346. This Court could not, therefore, deny interest to the Government, even if it accepted as true all of defendant's claims as to the inequity of collecting interest on this estate tax liability.

Plaintiff's motion to strike defendant's affirmative defenses, dismiss the counterclaim, and for summary judgment, is granted.