**Thomas E. ENGLAND, Plaintiff-Appellant,**

v.

**AUTOMATIC CANTEEN COMPANY OF AMERICA, Defendant-Appellee.**

**No. 15914.**

United States Court of Appeals
Sixth Circuit.

July 20, 1965.

Lyman Brownfield, Columbus, Ohio, Brownfield, Kosydar, Folk, Yearling & Dilenschneider, Phillip K. Folk, Victor S. Krupman, Columbus, Ohio, on brief, for appellant.

Earl F. Morris, Columbus, Ohio, Wright, Harlor, Morris, Arnold & Glander, by Rudolph Janata, Jr., Jon M. Anderson, Columbus, Ohio, on brief, Friedlund, Levin & Friedlund, by Arthur M. Solomon, Chicago, Ill., for appellee.

Before PHILLIPS, Circuit Judge, McALLISTER, Senior Circuit Judge, and MACHROWICZ, District Judge.[1]

PER CURIAM.

In 1946 appellant England joined with thirteen other plaintiffs in filing two suits against appellee, referred to herein as Automatic Canteen, in the U. S. District Court for the Northern District of Illinois, Eastern Division, at Chicago, seeking treble damages under the anti-trust laws, 15 U.S.C. §§ 1, 2, 4 and 15. After these suits had been dismissed as to the other thirteen plaintiffs, an order was entered by the Court in Chicago on April 4, 1949, dismissing England's suits "with prejudice."

On March 29, 1949, six days before the dismissal of his suits in Chicago, England filed his complaint in the present case seeking to recover treble damages against Automatic Canteen under the anti-trust laws.

Under date of February 11, 1964, the district court sustained the motion of Automatic Canteen for summary judgment on the ground that the dismissal with prejudice of England's Chicago cases is res judicata as to all issues between the parties which were raised or might have been litigated in those cases. England has appealed from the summary judgment order.

An examination of the court files shows that the same matters were set forth in the complaints in the Chicago case and the present case; and that all matters complained of in the present case were alleged to have occurred at a time prior to the dismissal of the Chicago cases in 1949,

---

1. Judge Thaddeus M. Machrowicz of the United States District Court for the Eastern District of Michigan, sitting by designation.

no post 1949 events being charged in the pleadings in the present case.

A dismissal of a suit with prejudice bars a subsequent action seeking the same relief. Olsen v. Muskegon Piston Ring Co., 117 F.2d 163 (C.A. 6). We agree with the district court that the dismissal of the Chicago cases with prejudice bars the present case under the doctrine of res judicata. Lawlor v. National Screen Service Corp., 349 U.S. 322, 75 S. Ct. 865, 99 L.Ed. 1122; Grubb v. Public Utilities Commission of Ohio, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972; Esquire, Inc. v. Varga Enterprises, Inc., 185 F.2d 14 (C.A. 7); Cleveland v. Higgins, 148 F.2d 722 (C.A. 2), cert. denied, 326 U.S. 722, 66 S.Ct. 27, 90 L.Ed. 428.

The judgment of the district court is affirmed.