John P. PHILLIPS, Plaintiff-Appellant,

v.

Daniel SHANNON, President of the Chicago Park District, etc., et al., Defendants-Appellees.

No. 17973.

United States Court of Appeals, Seventh Circuit.

July 2, 1971.

Angelo Ruggiero, Chicago, Ill., for plaintiff-appellant.

William M. Ward, Neil F. Hartigan, Gen. Attys., Chicago, Ill., for defendants-appellees.

Before MAJOR, Senior Circuit Judge, and FAIRCHILD and PELL, Circuit Judges.

MAJOR, Senior Circuit Judge.

This action was brought by plaintiff under Title 28 U.S.C.A. Secs. 1343 and 2201, and Title 42 U.S.C.A. Sec. 1983, against Shannon, president of the Chica-go Park District, its commissioners, general superintendent, director and attorney. The complaint in abbreviated form alleged that Phillips was unconstitutionally denied a license or permit to use a particular boat stall during the boating season of 1969, in Burnham Harbor, Chicago, by the defendants.

Defendants moved to dismiss the complaint on numerous grounds, particularly on the basis that the action was barred by res judicata and collateral estoppel. On August 21, 1969, the District Court dismissed the complaint with prejudice upon the doctrine of res judicata and pending duplicate action. From this order of dismissal, the appeal comes to this court.

Defendants in their motion for dismissal attached as exhibits the pleadings, orders, final judgment and order dismissing the case with prejudice, and other papers involved in a prior state court action between the parties, entitled "People of the State of Illinois ex rel. Phillips v. Chicago Park District, et al., No. 69 L  7529."

Plaintiff presents his case here solely on the basis that the doctrine of res judicata is not applicable absent an adjudication on the merits and that there can be no such adjudication where plaintiff's cause is dismissed. On brief he states, "The case there [referring to the state court] was disposed of on a motion to dismiss as it was in the Court below here. This does not constitute an adjudication on the merits. * * * The case in the Circuit Court of Cook County was disposed of on a Motion to Dismiss, there were no adversary proceedings, no trial was had, no evidence heard and no verdict rendered." Based on that premise, it is contended that there being no adjudication on the merits, the doctrine is inapplicable.

In view of the posture of defendants' presentation here, we think it unnecessary to recite in detail the proceedings which took place in the state court, as shown by exhibits attached to defendants' motion to dismiss in the instant case. Briefly, plaintiff in the state

court filed a petition for mandamus, declaratory judgment and an injunction. On defendants' motion to dismiss, the parties were granted leave to file affidavits, counter-affidavits and memoranda in support thereof and in opposition thereto. Plaintiff's petition for mandamus was denied. From the court's order of denial, plaintiff appealed to the Illinois Supreme Court, which affirmed the order of the trial court. Defendants filed a memorandum with respect to their motion to dismiss, which plaintiff moved to strike.

In its memorandum allowing defendants' motion to dismiss, the District Court after stating the issues raised by plaintiff stated:

"From the exhibits filed with the defendants' motion to dismiss it appears that plaintiff has already, although unsuccessfully, litigated this issue. * * * Further, both this and the earlier suit arise out of the same operative facts the end result of which was the denial of a boat stall to plaintiff. Paragraph 6 of the first action alleged arbitrary discrimination, violation of petitioner's constitutional rights as well as denial of equal protection of the law, due process, and his privileges and immunities. The federal civil rights statute invoked by plaintiff in this case makes actionable deprivations of any constitutional rights, privileges and immunities. 42 U.S.C. Sec. 1983. Consequently, the two actions are essentially identical."

It is pertinent to note that plaintiff does not dispute but that the action in the state court was dismissed with prejudice or that the issues in that case were "substantially identical" with those in the instant case, as the District Court found. Plaintiff's contention is limited to the point that a dismissal with prejudice does not constitute a disposition on the merits and, therefore, furnishes no basis for the application of res judicata in a later proceeding.

We think the overwhelming weight of authority is against plaintiff's position.

A case much in point is Esquire, Inc. v. Varga Enterprises, Inc., et al., 185 F. 2d 14, 17 (CA–7), wherein we stated:

"A dismissal with prejudice is 'as conclusive of the rights of the parties as an adverse judgment after trial, being res judicata of all questions which might have been litigated in the suit,' 50 C.J.S. Judgments § 633, p. 62, and cases cited. So it was announced in Cleveland v. Higgins, 2 Cir., 148 F. 2d 722, 724, in these words: 'a dismissal with prejudice is a final judgment on the merits which will bar a second suit between the same parties for the same cause of action. United States v. Parker, 120 U.S. 89, 7 S.Ct. 454, 30 L.Ed. 601; Baker v. Cummings, 181 U.S. 117, 21 S.Ct. 578, 45 L.Ed. 776. The cause of action which thus becomes res judicata comprehends not only what was actually decided but all matters which might have been decided. Tait v. Western Maryland R. Co., 289 U.S. 620, 53 S. Ct. 706, 77 L.Ed. 1405.' "

In American Needle and Novelty Co. v. Schuessler Knitting Mills, Inc., 379 F.2d 376, 378 (CA–7), this court stated:

"A dismissal 'with prejudice' is a final judgment on the merits which will bar a second suit between the same parties for the same cause of action. Cleveland v. Higgins, 2 Cir., 148 F.2d 722, 724, cert. den. 326 U.S. 722, 66 S.Ct. 27, 90 L.Ed. 428."

In England v. Automatic Canteen Co. of America, 349 F.2d 988, 989 (CA–6), the court stated:

"A dismissal of a suit with prejudice bars a subsequent action seeking the same relief. Olsen v. Muskegon Piston Ring Co., 117 F.2d 163 (C.A. 6). We agree with the district court that the dismissal of the Chicago cases with prejudice bars the present case under the doctrine of res judicata. [Citing cases, including our deci-

sion in Esquire, Inc. v. Varga Enterprises, Inc. et al., *supra.*]"

In Smoot v. Fox, 340 F.2d 301, 303 (CA–6), the court stated:

"Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties. An adjudication in favor of the defendants, by court or jury, can rise no higher than this. [Citing cases.]"

In Glick v. Ballentine Produce, Inc., 397 F.2d 590, 593 (CA–8), the court stated:

"A dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and bars further action between the parties. [Citing cases.] Additionally, a dismissal for failure to state a cause of action is a final judgment on the merits sufficient to raise the defense of res judicata in a subsequent action between the parties. [Citing cases.]"

In support of his contention that the dismissal of his action in the state court furnished no basis for the application of the doctrine of res judicata, plaintiff cites Frazier v. East Baton Rouge Parish School Board, 363 F.2d 861 (CA–5); Jenson v. Olson, 353 F.2d 825 (CA–8), and Smith v. Village of Lansing, 241 F. 2d 856 (CA–7). Referring to such cases, plaintiff on brief states, "The above cited authorities distinctly show that where the doctrine of res judicata was applied, it was applied and sustained in those situations where there was an adjudication on the merits." True, in those cases there had been some sort of hearing prior to dismissal, but no case cited, or none of which we are aware, has held that a dismissal with prejudice is other than a disposal on the merits.

We agree with the District Court that the instant action was properly dismissed on the grounds of res judicata. The order appealed from is

Affirmed.