GEORGE H. JONES, EXECUTOR AND TRUSTEE OF THE ESTATE OF MYRTILLA A. JONES, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63408. Promulgated April 7, 1936.

*George T. Rogers, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, and *E. L. Weber, Esq.*, for the respondent.

OPINION.

Murdock: The notice of deficiency in this case was addressed to "Mr. G. H. Jones, Executor, Estate of Myrtilla A. Jones." George H. Jones described himself in the caption of the petition which he filed as "Executor and Trustee of the Estate of Myrtilla A. Jones, Deceased." No deficiency has been determined against the trustee, the notice of deficiency was not mailed to the trustee, and, therefore, the reference to the trustee in this proceeding must be treated as mere surplusage. The petitioner before the Board is the estate of Myrtilla A. Jones, represented by the executor, George H. Jones. That petitioner had no net income subject to tax for the calendar year 1929. Practically the entire gross income of the estate for that taxable year was to be distributed currently by the fiduciary to the beneficiary, and the estate was entitled to a deduction under section 162 (b) in that amount. The petitioner did not claim that deduction on its return, but it did claim a deduction for taxes paid which was allowed in the amount of $44,692.14. These two deductions to which it was entitled were greatly in excess of the gross income of the estate for the year. Thus there was no net income and no tax due from the estate for the year 1929 under the statute. *Helvering* v. *Butterworth*, 290 U. S. 365. The function of the Board in such

cases is to decide whether or not the deficiency determined by the Commissioner was correct in the light of the issues and evidence properly before the Board, and then to state its decision in terms of a deficiency, or an overpayment, as the case may be. The facts in the present case relating to the tax liability of the estate show that the petitioner had no tax liability, that $12,024.62 was paid as tax, and, therefore, the decision of the Board must be that there has been an overpayment of the tax liability of the petitioner for the calendar year 1929 in the amount of $12,024.62. The Board will also determine as a part of its decision that the tax of $12,024.62 was paid within two years before the filing of the claim for refund. See section 504 (a) of the Revenue Act of 1934, amending the last sentence of section 322 (d) of the Revenue Act of 1928. The Commissioner has not challenged in any way the sufficiency of the claim for refund which was offered in evidence in this proceeding.

The Commissioner concedes that the statute imposed no tax liability upon the petitioner. But he argues, nevertheless, that he has a valid defense to the recovery of any money by this petitioner. He explains that prior to the decision of the Supreme Court in *Helvering* v. *Butterworth, supra,* he was relying upon decisions of the Board and of several courts which held that a surviving spouse who elected to take income for life under the will of the deceased spouse was not subject to income tax on distributions of income under the will until such distributions exceeded the fair market value, at the decedent's death, of the rights in the estate which the surviving spouse relinquished by election to take under the will, and the estate was not entitled to deduct such distributions in computing its net income. The Supreme Court in the *Butterworth* case held that that was an incorrect interpretation of the law, and the estate, in computing its net income subject to tax, was entitled to deduct all income currently distributable by the fiduciary to the beneficiary. The Commissioner now argues that the present proceeding is in effect a suit against the Government to recover a certain sum as money had and received, to which the Commissioner has established a defense "by way of equitable set-off, unjust enrichment, or recoupment." He says it is not estoppel and he does not claim he has been misled. He does not claim that taxpayers have any choice under section 162 (b). He seems to concede that the provisions of section 162 (b) are mandatory, that is, they grant the estate the deduction and require that the same amount be included in the income of the beneficiary. His argument is that George H. Jones, the individual and the life beneficiary, received distribution of the income of the estate for the taxable year, unlawfully failed to include in his income for the calendar year 1929 the amount distributed to him by

the estate, failed to pay the tax lawfully due on a proper return of his own income for that year, has already benefited due to the fact that the additional tax which he owed the Government but failed to pay exceeds the taxes here in controversy, and will further benefit unlawfully if the taxes here in controversy are refunded since they will be distributed to him as beneficiary; the statutory period for assessment and collection of the taxes lawfully due from the individual, George H. Jones, has now expired; all these things happened without fault of the Commissioner, and, therefore, in equity the petitioner now before the Board is not entitled to a refund or credit of the taxes which it paid for the calendar year 1929. It is not clear whether the Commissioner would carry this argument to the extent of claiming that the Board should determine a deficiency, or whether it only goes to the question of an overpayment. There is evidence in the record bearing upon this question, but that evidence is not material to the real issue before the Board.

Proceedings before the Board are not for the recovery of money had and received. The Board has no authority to order the Commissioner to refund or credit amounts overpaid as taxes. This is so even though refund or credit seems to follow as a necessary consequence of a decision by the Board. See section 322 (d), Revenue Act of 1928, as amended by section 504 (a), Revenue Act of 1934. Collection, payment, credit and refund are matters over which the Board has no jurisdiction whatsoever, and which it has no reason to consider, except as they may affect the question of the correctness of the deficiency as determined by the Commissioner. The function of the Board in this case ends when it determines that in fact there has been an overpayment of a certain amount and that a claim for refund was filed within two years after the overpayment was made. The Commissioner's alleged defense is in opposition to the refunding of the overpayment, not to the fact of overpayment. Although the statute seems to require him to refund or credit, any overpayment determined by the Board, nevertheless, if he has any defense to the actual recovery of the amount by the taxpayer, there must be some way in which he can assert it. But, in any event, Congress has not given the Board jurisdiction to consider and decide that question. After carefully considering the respondent's contentions, we have come to the conclusion that they are immaterial to the only issue which the Board has jurisdiction to decide in this proceeding.

The respondent cites a number of cases, but relies principally upon *First National Bank of Birmingham* v. *United States*, 12 Fed. Supp. 301, and also upon *White* v. *Stone*, 78 Fed. (2d) 136. Those cases, however, are not in point, although their facts are somewhat similar. They were suits for the recovery of money had and received. The

courts had general jurisdiction and the authority to order the return of money to the plaintiff by the Government. This is not such a proceeding.

*Decision will be entered for the petitioner.*