## UNITED STATES v. HAUSER et al.
### No. 8129-C.

District Court, S. D. California, Central Division.

Nov. 15, 1938.

Ben Harrison, U. S. Atty., E. H. Mitchell and Alva C. Baird, Asst. U. S. Attys., and Eugene Harpole, Sp. Atty., all of Los Angeles, Cal., for the Treasury Department.

Dockweiler & Dockweiler, of Los Angeles, Cal., for defendant.

NETERER, District Judge.

The plaintiff seeks judgment for estate tax against the estate of Julius Hauser, deceased, alleging the United States Commissioner of Internal Revenue on the 22nd day of September, 1931, assessed federal estate tax against said estate in the sum of $75,833.16, no part of which has been paid.

The defendant answering denies that that total sum is now due. "Said defendants are informed and believe and upon such information and belief, allege there is now due no sum in excess of $2175.46."

The assessment and levy became final when made, unless reversed on appeal. No appeal was taken and the levy has the force and effect of a judgment except it is not subject to execution. A suit is necessary to adjudicate the fact, however, as a basis for execution. The Revenue Act provides a complete remedy for the correction of errors, and for review, etc., including appeal from the Commissioner of Internal Revenue to the Board of Tax Appeals. All defenses to the improper, irregular and unjust assessment must be presented to the agency provided by the act and all of the remedies provided by the act must be exhausted and then appeal may be taken to the Circuit Court of Appeals; thence by certiorari to the Supreme Court. No appeal having been taken the claim became final. The same rule is applicable as obtains in State legislation. See Puget Sound Electric Ry. v. Lee et al., D.C., 207 F. 860.

There is nothing presented in this case, however, which overcomes the presumption of the assessment, and while this

court has jurisdiction to adjudicate the demand in the complaint to the end that execution may issue, it has not jurisdiction to examine into or review the action of the Commissioner, supra, in making the levy declared on.

Judgment for the plaintiff is therefore directed.