In the Matter of the Estate of HYMAN HARKAVY, Deceased.

Surrogate's Court, New York County, May 1, 1942.

*Mathias F. Correa, United States Attorney [John B. Creegan, Assistant United States Attorney, of counsel], for the petitioner.*

*Moses, Nehrbas & Tyler, for the respondents.*

FOLEY, S.   This is an application by the United States of America to compel an accounting.

The decedent died a resident of New York county on September 11, 1928.

The government contends that it is a creditor of the estate in the principal sum of $1,044.02, plus interest, for additional estate taxes.   The executors concede that the estate is indebted in some degree, but contend that the indebtedness amounts to but $295.27, including interest.

The essential facts are not in dispute.   In the Federal estate tax proceedings a deficiency was assessed against the estate.   The executors promptly appealed to the United States Board of Tax Appeals.   Pending the appeal, conferences were had between the parties with the result that a written settlement was entered into whereby the differences were adjusted and the executors agreed to stipulate that an order should be entered by the Board of Tax Appeals redetermining the deficiency upon the basis of the settlement.   When the appeal came on for hearing the executors failed to appear and an order was entered by the Board on March 27, 1934, dismissing the appeal and assessing a deficiency tax.

The executors argue here that the order is erroneous and not in accordance with the written agreement of the parties   They allege that under a proper interpretation of the agreement the estate was to be given credit for all taxes paid to New York State whenever paid and that upon such a basis the deficiency properly assessable is but $158.40.   The government has allowed a credit for New York State taxes in the sum of $2,500.59 but has refused to allow any credit for a further payment of $2,228.45 made on September 5, 1941.   With respect to this last payment, the government points out that the proposed stipulation recites that credit should be allowed for New York State transfer and estate taxes upon the submission of evidence of payment " in accordance with the provisions of Section 301 (b) of the Revenue Act of 1926, as amended by

Section 802 of the Revenue Act of 1932." This section (U. S. Code [1934 ed.], tit. 26, § 413, subd. [b]) specifies that credit for State taxes shall be allowed only where payment of such taxes was made and credit therefor claimed within a certain time limit. Upon the conceded facts, the last payment of $2,228.45 was not made within the prescribed time limits.

In extenuation of the delay of over seven years, the executors assert that the New York transfer tax could not have been finally fixed any earlier than it was because contingent interests were involved, the ultimate devolution of which did not occur until June, 1940. This contention, however, ignores the provis:ons of section 233 of the Tax Law. (Laws of 1930, chap. 711, effective Sept. 1, 1930.) Under the terms of that section the executors could have procured a compromise order at any time after the effective date of the section, " finally and irrevocably fixing and determining the tax " upon the contingent remainders. Thereafter they could have made a final payment of the tax long before the expiration of the time limit specified in the Revenue Act of 1926. In any event, the record clearly shows that the executors' failure to make timely payment of the tax has been unreasonable and wholly without excuse. (*Matter of Thalmann*, 177 Misc. 1055.)

The executors further contend that a deposit made in 1930 with the State Tax Commission to cover the taxes to be assessed constituted a payment of the tax within the meaning of the act of 1926. There is no merit to this contention. A deposit to secure the payment of taxes to become due in the future does not constitute an absolute payment. (*Estate of Moore*, 21 B. T. A. 279.)

The question of the meaning of the stipulation between the parties is not open for review here. Nor can this court assess a lesser or different deficiency from that fixed in the order entered by the Board of Tax Appeals. After the time to appeal expired that order became final. (*Bindley* v. *Heiner*, 38 F. [2d] 489; *Bankers' Reserve Life Co.* v. *United States*, 44 id. 1000; certiorari denied, 283 U. S. 836; *Cook* v. *United States*, 108 F. [2d] 804; certiorari denied, 310 U. S. 636; *United States* v. *Hauser*, 25 F. Supp. 689; *Castle* v. *United States*, 17 id. 515.) I accordingly hold, therefore, that the government is a creditor of the estate in the amount of its claim of $1,044.02, with interest from September 9, 1929, the date of the filing of the Federal return.

The application is granted. If the executors do not pay the amount due within five days after the date of the final order herein, they are directed to file an account and institute a proceeding for its judicial settlement within twenty days of the entry of such order.

Submit order on notice accordingly.