## GUARANTY TRUST CO. OF NEW YORK v. UNITED STATES.

United States District Court
S. D. New York.
Nov. 29, 1950.

---

Shearman & Sterling & Wright, New York City (Charles Goodwin, Jr., New York City, of counsel), for plaintiff.

Irving H. Saypol, U. S. Atty., New York City, John M. Cunneen, Asst. U. S. Atty., New York City, for United States.

GODDARD, District Judge.

Motion for summary judgment.

This is a suit for the recovery of interest on an alleged overpayment of Federal estate tax.

The material facts are not in dispute. Grayson M–P. Murphy died a resident of New York State on October 18, 1937. In 1938, plaintiff, executor of the estate of decedent Murphy, deposited $9,119.07 with the New York State Tax Commission on account of New York estate tax that was not yet assessed. This deposit enabled the plaintiff to avoid having to pay interest on the New York estate tax [due at the date of death of the decedent] when it was finally assessed and paid. New York Tax Law, McK.Consol.Laws, c. 60, § 249-z.

Thereafter, on January 18, 1939, plaintiff filed a Federal estate tax return showing a gross estate tax payable of $60,270.75, a credit for New York estate tax of $7,067.-32, and a net estate tax of $53,203.43.

By a formal ninety-day deficiency letter dated and issued October 13, 1941, the Commissioner of Internal Revenue notified plaintiff that he had determined a deficiency of $4,148.83 in the aforesaid estate tax. Plaintiff filed a petition on January 10, 1942, in the United States Board of Tax Appeals [now the Tax Court of the United States] for a redetermination of thus alleged deficiency.

Plaintiff's petition alleged that the Commissioner had erred in disallowing credit for state estate taxes and in not recognizing estate liability arising out of several pending suits against the estate as appropriate deductions from the gross estate. The petition prayed that the Tax Court re-

determine amount of deficiency after the suits and other deductions were determined and allowed. The Commissioner's answer to this petition denied both these allegations.

By March 24, 1944, the law suits against the estate were disposed of by judgment or settlement. On November 14, 1946, counsel for plaintiff and a Treasury Department representative signed and submitted to the Tax Court a written stipulation settling the various items in dispute. In the stipulation, it was agreed that some credit would be allowed for the various law suits; that there would be no credit for state estate and inheritance taxes; that there was a deficiency in estate tax of $932.41; that the Court could enter its decision accordingly, and that the petitioner [plaintiff here] would be entitled to credit in the amount of $6,085.74 for state estate and inheritance taxes paid upon petitioner's filing proof of payment of such taxes in manner required by law and regulations. A decision of the Tax Court was entered under this written stipulation on November 19, 1946, ordering and deciding that there was a deficiency in estate tax of $932.41. An assessment against the estate was therefore made by the Commissioner in the amount of $1,375.45 [the deficiency of $932.41 plus interest thereon of $443.-04].

On February 21, 1947, plaintiff mailed to the Commissioner of Internal Revenue a New York State Tax Commission Certificate Form TT66C which certified the payment of $6,085.74 in New York estate taxes. On April 29, 1947, the Commissioner abated the assessment of $1,375.45 and computed a refund to plaintiff in the amount of $5,153.33. The Commissioner transmitted a Treasury cheque for this amount without interest to plaintiff.

On November 19, 1948, plaintiff filed with the Collector of Internal Revenue for the Third District of New York a claim for refund of six per cent interest from January 19, 1939 on the $5,153.33 refunded. When this claim was denied, the complaint in this action seeking said interest was filed.

The defendant now moves for summary judgment dismissing the complaint under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. on the grounds that [1] This Court lacks jurisdiction over the subject matter, and [2] The complaint fails to state a claim upon which relief can be granted.

This Court has jurisdiction over the subject matter of this case. Section 1346 of Title 28 United States Code Annotated, provides in part—

"§ 1346. United States as defendant

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

\* \* \* \* \* \*

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, \* \* \*."

Section 3771(a) of the Internal Revenue Code, 26 U.S.C.A. § 3771(a), provides—

"§ 3771. Interest on overpayments

(a) Rate. Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the rate of 6 per centum per annum."

■ Since plaintiff's claim against the United States is for an amount less than $10,000 and is founded upon an Act of Congress, Section 3771(a) of the Internal Revenue Code, this Court has jurisdiction.

■ The defendant cites 26 U.S.C.A. § 911 and contends that the fact that plaintiff filed a petition for redetermination of the estate tax here involved with the Tax Court of the United States bars him from institution this suit under the decision in Elbert v. Johnson, 2 Cir., 1947, 164 F.2d 421, 424. However, this is a suit for interest—not for refund of tax as in the Elbert case. Section 911 provides that, where a petition has been filed with the Tax Court "no refund *in respect of the tax* shall be allowed or made and no suit for the recovery of any part *of such tax* shall be instituted in any court" [emphasis added]. Since the Tax Court has no jurisdiction over interest. Estate of MacCauley,

1944, 3 T.C. 350; Commissioner of Internal Revenue v. Estate of Kilpatrick, 6 Cir., 1944, 140 F.2d 887; Jones v. Commissioner of Internal Revenue, 1936, 34 B.T.A. 280 resort to the Tax Court cannot deprive plaintiff of his right to bring this suit for interest allegedly due him. Murphy v. United States, D.C.1943, 78 F.Supp. 236.

 However, the plaintiff has not presented a claim upon which relief can be granted. No interest is allowed unless there has been an overpayment in respect of tax. Section 3771(a) of the Internal Revenue Code, supra. Although the plaintiff contends that there was such an overpayment, the Tax Court, on November 19, 1946, decided and ordered that there was a deficiency in the estate tax in question. This the Tax Court had power to do. Estate of MacCauley, supra; Commissioner of Internal Revenue v. Estate of Kilpatrick, supra. No appeal was taken from this decision and it is therefore final. Title 26 U.S.C.A. §§ 1140, 1142. Since the plaintiff had opportunity to litigate the determination of deficiency, the decision of the Tax Court is res adjudicata. Commissioner of Internal Revenue v. Sunnen, 1948, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898; Banker's Reserve Life Co. v. United States, 44 F.2d 1000, 1004, 71 Ct.Cl. 279; In re Harkavy's Estate, 178 Misc. 507, 34 N.Y.S.2d 910.

When the plaintiff filed formal proof that he had paid the New York estate tax, the Commissioner, in accordance with the stipulation, allowed plaintiff a credit of $6,085.74. The refund in the amount of $5,135.33 sent to plaintiff was made without interest. This was in accordance with the law. Section 301(b) of the Revenue Act of 1926, 44 Stat. 9, as amended by Section 802 of the Revenue Act of 1932, 47 Stat. 169, provides that any refund based on a credit for state estate taxes paid should be made without interest. 26 U.S.C.A. § 813(b).

Plaintiff contends that the refund was not based on the allowance of the credit for New York estate tax paid but was the result of a reduction in the value of the net taxable estate. However, this position is not well taken. The stipulation upon which the Tax Court decision was based specifically says that no credit for estate and inheritance taxes paid was allowed in the computation of the deficiency agreed upon and "that the petitioner shall be entitled to credit in the amount of $6,-085.74 for State estate and inheritance taxes upon filing proof of payment of such taxes in manner required by law and regulations." Plaintiff argues that this stipulation does not reflect the true agreement of the parties. However, the meaning of the stipulation between the parties is not open for review here. The Tax Court decision is final. Commissioner of Internal Revenue v. Sunnen, supra; Banker's Reserve Life Co. v. United States, supra; In re Harkavy's Estate, supra.

Since the plaintiff has not stated a claim upon which relief can be granted, the complaint must be dismissed.

Motion for summary judgment granted.

Settle order on notice.