**GUARANTY TRUST CO. OF NEW YORK v. UNITED STATES.**

No. 15, Docket 22034.

United States Court of Appeals Second Circuit.

Argued Oct. 1, 1951.

Decided Oct. 29, 1951.

Shearman & Sterling & Wright, New York City, for appellant; Charles Goodwin, Jr., New York City, of counsel.

Irving H. Saypol, U. S. Atty., New York City, for appellee; John M. Cunneen, Asst. U. S. Atty., New York City, of counsel.

Before SWAN, Chief Judge, and CLARK and FRANK, Circuit Judges.

SWAN, Chief Judge.

This is an action by the executor of a decedent's estate to recover the sum of $2,603.29, being interest at the rate of 6% per annum from January 18, 1939 to June 19, 1947 on a refund of $5,153.33 received by the executor from the Commissioner of Internal Revenue on the last mentioned date. The plaintiff contends that the refund represents an overpayment of the federal estate tax paid on January 18, 1939 and that section 3771(a) of the Internal Revenue Code requires the payment of interest.[1] The defendant contends that the refund represents an allowance of a credit against the federal estate tax for inheritance taxes paid to the state of New York and that section 813(b) of the Code forbids the

---

1. 26 U.S.C.A. § 3771:
"§ 3771. Interest on overpayments
"(a) Rate. Interest shall be allowed

and paid upon any overpayment in respect of any internal revenue tax at the rate of 6 per centum per annum."

payment of interest.[2] A motion by the defendant for summary judgment was granted upon the ground that the complaint sets forth no claim upon which relief can be granted. The plaintiff has appealed.

The material facts are undisputed. They are stated in detail in Judge Goddard's opinion.[3] A brief summary will suffice here. The federal estate tax return filed in 1939 showed a gross tax liability of $60,270.75. From this the executor deducted $7,067.32 on account of anticipated state inheritance taxes, leaving a net federal estate tax of $53,203.43, which was paid.[4] Thereafter the Commissioner determined and gave notice of a deficiency, and the executor filed a petition to review it. While this proceeding was pending in the Tax Court certain contingent liabilities of the estate were settled thereby reducing the net taxable estate by some $30,000 and making the correct gross estate tax $54,-135.84. This was slightly more than the tax paid in 1939 and pursuant to stipulation between counsel, the Tax Court on November 19, 1946 entered a deficiency judgment of $932.41. In computing the tax in 1946 no credit was deducted for New York inheritance taxes because they had not yet been paid.[5] However, the stipulation provided that the executor would be entitled to credit in the amount of $6,085.74 for state inheritance taxes "upon filing proof of payment of such taxes in manner required by law and regulations." [6] Such proof was filed in February 1947 and thereafter the Commissioner credited the state taxes against the federal gross tax liability, abated the $932.41 deficiency, plus interest of $443.04, and refunded the balance of $5,153.33, without interest, to the executor.

The appellant argues that denial of interest on the sum refunded to it exalts form over substance; that the Tax Court's decision that there was a deficiency in estate tax rather than an overpayment is a technicality, the unreality of which is demonstrated both by the fact that the net taxable estate as finally agreed upon was $30,-674.55 less than that reported in the 1939 return and by the allowance in 1947 of a credit for state taxes only slightly less than that taken in the original return. The argument is not persuasive. Despite the reduction in the net taxable estate, the tax computed in 1946 without the credit for state taxes was more than the tax with the credit deducted as computed in 1939. It was not until the New York estate taxes were actually paid that the taxpayer became entitled to a credit, and hence to a refund. Until then the estate was the Government's debtor. If the executor had never proved payment of the New York taxes it would never have been entitled to any refund. Therefore, we think it plain that the refund was "based on a credit" and so within both the literal words and the policy of section 813(b), which expressly forbids the payment of interest on any such refund.

It is urged that this conclusion is directly contrary to the majority opinion of the Court of Claims in Fahnestock v. United States, 95 F.Supp. 232, decided later than Judge Goddard's decision in the case

---

2. 26 U.S.C.A. § 813:

"§ 813. Credits against tax

\* \* \* \* \* \*

"(b) Estate, succession, legacy, and inheritance taxes. The tax imposed by section 810 or 860 shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State \* \* \*.

"Refund based on the credit may \* \* \* be made if claim therefor is filed within the period above provided. Any such refund shall be made without interest."

3. Reported in 95 F.Supp. 776.

4. In 1939 the executor had deposited $9,-119.07 with the New York State Tax Commission for New York estate taxes. This was not a payment for taxes assessed; it was merely a deposit or a "temporary payment" to secure a state tax discount. New York Tax Law, McKinney's Consol.Laws, c. 60, Art. 10–C, § 249–z; In re Harkavy's Estate, 178 Misc. 507, 34 N.Y.S.2d 910. The state taxes were not assessed by the Surrogate of New York County until March 17, 1947.

5. See note 4 supra.

6. Regulations 105, section 81.9.

at bar. If so, we must respectfully decline to follow it. We consider more persuasive the reasoning advanced in the dissent of Chief Judge Jones.

Judgment affirmed.