**MORGAN GUARANTY TRUST COMPANY OF NEW YORK and Joseph A. Zock, as Executors of the Estate of Richard N. Ryan**

v.

**UNITED STATES.**

United States Court of Claims.
May 4, 1960.

Thomas N. Tarleau, New York City, for plaintiffs. Mark F. Hughes, William FitzGibbon, Ethan Allen and S. Roy French, Jr., New York City, on the briefs.

George T. Qualley, Arlington, Va., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. James P. Garland and Lyle M. Turner, Washington, D. C., on the brief.

MADDEN, Judge.

The plaintiffs are the executors of the estate of Richard N. Ryan. They overpaid the Federal estate taxes on his estate and, in due course, the overpayment, which amounted to $255,160.94, was refunded to them. Interest was paid them on $93,893.03 of the amount refunded, but no interest was paid on the other $161,267.91 of the refund. The instant suit is for interest on the latter sum.

The Government's refusal to pay the interest in question was based on section 813(b) of the Internal Revenue Code of 1939, 26 U.S.C. (1952 ed.) § 813(b). That section provides for a credit, up to a specified maximum, upon a Federal estate tax, of the amount of inheritance or similar taxes paid to a State. It provides that an estate may obtain a refund based on the credit, if it claims the refund within a specified period. And it says, "Any such refund shall be made without interest." The Government says that $161,267.91 of the refund here involved was "based on" the credit which the estate received because it had paid inheritance taxes to the State of New York. The plaintiffs say that all of the refund was based on adjustments not related to section 813(b).

The decedent died on September 17, 1949. The plaintiff executors filed a Federal estate tax return on December 18, 1950. The return showed a net estate tax of $1,179,648.26 which was paid with the return. It showed that in the computation of the tax a credit of $208,361.51 had been taken against the tax that would otherwise have been payable, the credit being for New York State estate, inheritance, and legacy taxes. In fact the plaintiffs had, on March 16, 1950, deposited with the New York State Tax Commission the sum of $240,000 to be applied to the New York State estate tax which should finally be determined to be due. They had done this because the New York Tax Law, § 249–z permitted such a payment to be made before the State tax was assessed, and allowed a discount from the tax ultimately assessed, if such an early payment was made. Such a payment also prevented the accrual of interest to the State at the rate of 10 percent per annum from the date of the decedent's death, upon the tax ultimately assessed.

There was delay in determining the amount of the Federal tax, as well as of the State tax, because of the decedent's widow's taking against the will, and because of the effect which such taking had upon the marital deduction, which latter point was important in determining the amount of the Federal tax.

When, in 1957, all problems had been resolved, it was found, as we have seen, that the plaintiffs were entitled to a refund of $255,160.94. The reason they were entitled to a refund in this amount was that the Commissioner of Internal Revenue, upon review, increased the valuation of the assets of the estate by some $180,000, but increased the amount of the deductions by some $700,000, principally by allowing a marital deduction of $578,281.34. The refund, which was $255,160.94, would have been still larger, by $47,093.60, had it not been for the fact that the plaintiffs, in their return, had taken a credit of $208,361.51 for State inheritance taxes, when as the

final computation showed, they were entitled to a credit of only $161,267.91.

On the foregoing facts, the Government says that $161,267.91 of the $255,160.94 refund must be without interest because that much of the refund is "based on" a credit for New York State inheritance taxes paid. If there had been no adjustment of the Federal estate tax except the adjustment of the credit for State inheritance taxes, there would, of course, have been no refund at all. There would have been a deficit of $47,093.60 which would have had to be paid by the plaintiffs, with interest. In the instant situation, this possible deficit of $47,093.60 was offset by an equal amount of the larger overpayment on other items in the estate, and prevented the accrual of interest against the Government of that amount of what the overpayment would otherwise have been.

The Government urges that there should be no "earmarking" of items in the computation of estate taxes; that all items go into the computing machine and the answer comes out, either an overpayment or a deficit. It would seem, however, that the Commissioner of Internal Revenue did earmark the items in the computation, and earmarked the State inheritance tax credit item as the one which accounted for most of the refund. We think that section 813(b), making the no-interest rule for refunds "based on" the State inheritance tax credit, requires earmarking, if the words "based on" are to have any meaning. And we think that no part of a refund is "based on" a specified credit when the taxpayer, in his return, has already taken a larger credit than he was entitled to take.

The plaintiffs in their brief say that, under the Government's view, any refund, up to the amount of the State inheritance tax credit, would be "based on" the credit, and only the excess would be "based on" adjustments in the valuation of the estate, the deductions, and other factors which go into the final computation of the tax. The Government says in its brief, "We do not take exception to this statement." It goes on to justify its position by saying that that is what section 813(b) requires. If we thought so, we would of course decide accordingly.

In Fahnestock v. United States, 95 F.Supp. 232, 119 Ct.Cl. 41, and J. P. Morgan & Co. v. United States, 145 F. Supp. 927, 136 Ct.Cl. 748, we considered substantially the same problem, and decided that the taxpayers were entitled to interest. Because of the vigor with which the issue has again been urged by the Government, we have reconsidered it, but have not changed our view.

The plaintiffs are entitled to recover and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38(c), 28 U.S.C.

It is so ordered.

LITTLETON, Judge (Ret.), and LARAMORE, Judge, concur.

WHITAKER, Judge (concurring).

In dissenting in J. P. Morgan & Co. v. United States, 145 F.Supp. 927, 136 Ct. Cl. 748, I stated that in my opinion the amount refunded was "based upon" the allowance of a credit for State inheritance taxes paid. I am still of the opinion that section 813 of the Internal Revenue Code of 1939 prohibits the payment of interest on such a refund. In the instant case, however, the refund could not be based upon the allowance of such a credit because the State taxes were paid prior to the filing of the Federal estate tax return. Since this prepayment was permitted by State law, the taxpayer could take the credit on his estate tax return at the time it was filed. Unless it later resulted that the taxpayer paid additional State taxes, which was not the case in the instant suit, the subsequent refund of Federal estate taxes could not be based upon the allowance of a credit for estate taxes paid.

JONES, C. J., joins in the foregoing concurring opinion.