**Andrew L. ESSARY, Plaintiff-Appellant,**

v.

**The CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY, Defendant-Appellee.**

**No. 79–1662.**

United States Court of Appeals, Seventh Circuit.

Heard Jan. 15, 1980.

Decided April 22, 1980.

George C. Pontikes, Chicago, Ill., for plaintiff-appellant.

Ronald J. Cuchna, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, WOOD and CUDAHY, Circuit Judges.

CUMMINGS, Circuit Judge.

Plaintiff filed this lawsuit on December 15, 1977, seeking in Count I $1 million from the Railroad Yardmasters of America (Yardmasters) and the same amount in Count II from the Chicago and North Western Transportation Company (C&NW). The complaint charged that C&NW wrongfully discharged plaintiff from his position as a yardmaster and that the Yardmasters thereafter failed to pursue his claim against C&NW as required by the collective bargaining agreement between the union and the railroad. On February 2, 1978, Judge Bua dismissed the action against C&NW for failure to state a claim upon which relief could be granted, but subsequently vacated that judgment and agreed to reconsider the issue of C&NW's liability. On February 27, 1979, Judge Bua again dismissed the allegations against C&NW for failure to state a claim. When the district judge further denied plaintiff's motion to alter or amend that ruling, plaintiff appealed. We affirm.

With the plaintiff's well-pleaded allegations taken as true for purposes of the motion to dismiss, the record shows that on May 15, 1974, while an acting yardmaster for C&NW, plaintiff was involved in a shooting incident in which one of his friends was fatally wounded. After the incident, plaintiff was hospitalized and placed under medication. He was later charged with the shooting and ultimately pleaded guilty to involuntary manslaughter. Reacting to plaintiff's inability to work, on May 22, 1974 C&NW served him with a notice of hearing, accusing him of a dereliction of duty. After a postponement requested by the Yardmasters, which under the collective bargaining agreement represented all C&NW yardmasters,[1] the hearing took place in July 1974 and resulted in plaintiff's discharge effective August 1.

Although Rule 19 of the collective bargaining agreement between the Yardmasters and C&NW imposed a duty on the Yardmasters to appeal the discharge decision within 30 days to the highest officer designated by the railroad for that purpose, the union failed to do so despite its assurances to plaintiff that it was pursuing his claim.[2] A subsequent appeal to the appropriate railroad officer by the United Transportation Union, of which plaintiff was a member, was denied for failure to file within the 30 days allowed by Yardmasters' Rule 19. After discovering that no Yardmaster appeal was pending, plaintiff filed an *ex parte* appeal with the National Railroad Adjustment Board (NRAB), seeking a hearing on his claim against the C&NW. On December 11, 1975, the NRAB dismissed the petition for a lack of jurisdiction stemming from plaintiff's and Yardmasters' failure to file his administrative appeal on the property under Rule 19 of the C&NW-Yardmasters' contract.

Plaintiff thereafter petitioned the district court to set aside the NRAB decision, naming the NRAB and C&NW as defendants. Citing *System Federation No. 30 v. Braidwood,* 284 F.Supp. 607, 611 (N.D.Ill.1968), for the proposition that a dismissal for lack of jurisdiction by the NRAB is an award on the merits, Judge Grady found that plaintiff had failed to allege any of the three alternative grounds set forth in 45 U.S.C. § 153 First (q)[3] as required for district

---

1. Plaintiff was not a member of the Yardmasters but was represented by them apparently because of his status as an acting yardmaster. Plaintiff's duty of fair representation claim against the Yardmasters is still pending below and hence the Yardmasters are not a party to this appeal.

2. In his brief, plaintiff asserts that the railroad also provided such assurances. No such allegation as to the railroad appears in the complaint below.

3. 45 U.S.C. § 153 First (q) provides in pertinent part:

"(q) If any employee or group of employees, or any carrier, is aggrieved by the failure of any division of the Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award * * *, then such employee * * * may file in any United States district court * * a petition for review of the division's order. * * * The court shall have jurisdiction to affirm the order of the division or to set it aside, in whole or in part, or it may remand the proceeding to the division for such further action as it may direct. On such review, the findings and order of the division shall be

court review of such an award. Accordingly, he dismissed the petition with prejudice for failure to state a claim upon which relief could be granted. Plaintiff did not appeal this decision, opting instead to file the instant suit in the district court. Count I of the new complaint charged the Yardmasters with a breach of its duty of fair representation in failing to pursue the appeal on the property under Rule 19 of the contract. Count II presented a claim of wrongful discharge against C&NW. C&NW moved to dismiss the latter count, citing *res judicata* and failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure as grounds. Noting that *Union Pacific R. Co. v. Price*, 360 U.S. 601, 79 S.Ct. 1351, 3 L.Ed.2d 1460, precludes a "common-law remedy after an adverse determination of [the] grievance by the Adjustment Board," and that under *Braidwood* the NRAB decision was an award on the merits, Judge Bua dismissed the allegations against C&NW.[4] This appeal followed.

This case presents three related questions for our consideration. First, should Judge Grady's decision dismissing plaintiff's petition to set aside the NRAB's ruling that plaintiff's NRAB claim was barred for want of exhaustion of his administrative remedy on the property prevent any further litigation of the merits of the discharge in the instant suit under the doctrine of *res judicata* or collateral estoppel? Second, even if *res judicata* and collateral estoppel do not apply, was the NRAB decision on lack of exhaustion of remedies sufficiently "on the merits" to preclude further litigation of plaintiff's claim? It is uncontested that under *Union Pacific R. Co. v. Price, supra*, an NRAB decision on the merits will bar a common-law action for wrongful discharge in the district court. Finally, if plaintiff's suit is barred under *Price*, does

the Railway Labor Act thereby violate plaintiff's right to a jury trial and the constitutional guarantees of due process and equal protection? We address these questions *seriatim*.

At first blush, Judge Grady's decision in plaintiff's prior action to set aside the NRAB's award would seem under *res judicata* to preclude any further action here. Under ordinary circumstances, a decision like Judge Grady's to dismiss a complaint with prejudice for failure to state a claim will operate as such a bar to a later suit upon the same cause of action. *Phillips v. Shannon*, 445 F.2d 460, 462–463 (7th Cir. 1971); see also *Hall v. Tower Land and Investment Co.*, 512 F.2d 481, 483 (5th Cir. 1975); *Glick v. Ballentine Produce, Inc.*, 397 F.2d 590 (8th Cir. 1968). For *res judicata* to apply, however, the new cause of action must be essentially the same as the old, whereas here the new complaint differs substantially from the petition in the prior action. In the original proceeding before Judge Grady plaintiff petitioned to set aside the NRAB's decision based on exhaustion, in effect challenging the NRAB's unwillingness to hear his claim. The instant suit, by contrast, rests on a complaint raising the merits of plaintiff's discharge and attempts to bypass the NRAB's award. In the first action, Judge Grady anticipated the Supreme Court's decision last Term in *Union Pacific R. Co. v. Sheehan*, 439 U.S. 89, 99 S.Ct. 399, 58 L.Ed.2d 354, where the Court specifically held that a party may challenge an NRAB decision that an action is untimely only on the basis of the three grounds set forth in 45 U.S.C. § 153 First (q) (note 3 *supra*). In the instant action, plaintiff is seeking to go beyond *Sheehan*, arguing that an NRAB decision that failure of a claimant to exhaust his remedy on the property deprives it of jurisdiction, even if not ordinarily reviewable under the statute,

conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to matters within the scope of the division's

jurisdiction, or for fraud or corruption by a member of the division making the order. * * * "

4. Judge Bua did not rule on the question whether *res judicata* barred plaintiff's suit, although that issue had been presented to him.

does not preclude a later common-law suit on the merits in the district court. For this reason, plaintiff's complaint here differs substantially from his prior action so that *res judicata* technically does not apply.

■ Such a characterization of the two actions may be said simply to elevate form over substance. If, for example, the NRAB's decision on exhaustion were characterized, as Judges Bua, Grady and Marovitz[5] suggested it should be, as an award on the merits, then Judge Grady's refusal to set aside that decision was tantamount to a finding that no federal court grounds exist for plaintiff to avoid the NRAB's decision dismissing his action against C&NW, whatever the NRAB's reason for that dismissal. That plaintiff has now styled Count II of his federal court action as a direct complaint against C&NW rather than another petition to review the NRAB award does not alter its substance as a challenge to the NRAB result, and Judge Grady's earlier decision would appear to dispose of plaintiff's action here. Viewed in this light, the question whether *res judicata* applies essentially reduces to the substantive question whether an NRAB decision that a claim must be dismissed for want of exhaustion of remedies is sufficiently a decision on the merits to preclude, under *Union Pacific R. Co. v. Price, supra,* a later common-law action on the merits of the claim.

Notwithstanding the inconclusive result of our consideration of the *res judicata* issue, it should be noted that Judge Grady concluded that the NRAB award in this case was an award "on the merits." Exhibit B to Record Item 3 at p. 2. As a result, it could be argued that collateral estoppel should preclude any further litigation of the question whether the NRAB award finally disposed of the substance of plaintiff's claim. It is unclear, however, whether plaintiff's failure to appeal Judge Grady's decision regarding the grounds for reviewing an NRAB award should estop plaintiff from challenging Judge Grady's implicit

characterization of that award. Thus rather than rely on such a procedural device for disposing of this case, we prefer, as did Judge Bua below, to consider directly the proper characterization of the NRAB award.

As noted above, both Judges Grady and Bua relied on Judge Marovitz's opinion in *System Federation No. 30 v. Braidwood*, 284 F.Supp. 611 (N.D.Ill.1968), for the proposition that the NRAB's dismissal of plaintiff's claim for want of jurisdiction was a decision on the merits. From that conclusion it is a short step to dismissal of this complaint, for plaintiff has not alleged any of the three statutory grounds for challenging such an award (see note 3 *supra*). Without discussing *Braidwood*, plaintiff nevertheless argues that in several analogous situations a dismissal for want of jurisdiction is not the equivalent of a dismissal of a party's substantive claims. Again, however, plaintiff's argument threatens to allow form to replace substance, for the NRAB's characterization of its action as a dismissal on jurisdictional grounds is arguably a mere fortuity. The Board could just as easily have described its award as a dismissal for failure to state a claim cognizable under the contract in that the requisite exhaustion was lacking. As such, plaintiff's analogies would be inapposite and the NRAB's action would appear to be one on the merits. In substantive terms, the NRAB has rendered a complete decision on an issue involving an application of a collective bargaining agreement to the situation at hand. Such a decision is a decision on the merits (see *Barrett v. Manufacturers Ry. Co.*, 326 F.Supp. 639, 646 (E.D.Mo.1971), affirmed, 453 F.2d 1305 (8th Cir. 1972)), and thus further review of the NRAB award is barred by *Price*.

Furthermore, although the statement in *Braidwood* equating a dismissal for want of jurisdiction with an award on the merits might be characterized as *dictum*, recent Supreme Court decisions up to and includ-

---

**5.** See *System Federation No. 30 v. Braidwood, supra,* for Judge Marovitz's arguably similar ruling.

ing *Union Pacific R. Co. v. Sheehan, supra*, support the *Braidwood* rule in practice. In *Andrews v. Louisville & Nashville R. Co.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95, the Court held that the Railway Labor Act requires a railroad employee alleging a violation of a collective bargaining agreement to submit his claim for initial consideration by the NRAB. Thereafter in *Sheehan*, a case originally filed in state court but dismissed under *Andrews* for initial NRAB consideration, the Court held that the plaintiff could not seek district court review of an NRAB decision that the action was untimely unless plaintiff could assert one of the three grounds specified in 45 U.S.C. § 153 First (q). Plaintiff now contends that these two decisions do not bar an action contesting the merits of the claim in the district court, but that was the very type of action dismissed in *Andrews*. *Sheehan* and *Andrews* do not directly address the present issue. But it would make no sense for the Supreme Court to require initial consideration by the NRAB and then to limit review of an NRAB decision on timeliness to the three statutory grounds and yet permit this plaintiff to bring a suit on the merits in the district court. *Andrews* speaks of NRAB consideration as an exclusive remedy (405 U.S. at 325, 92 S.Ct. at 1565), and *Sheehan* nowhere suggests that the upholding of an NRAB decision barring a claim for exhaustion alters this general rule of exclusivity. Such a holding would in fact reduce the effect of *Andrews* and *Sheehan* to an empty exhaustion requirement, not only providing no penalty for failing to exhaust in a timely fashion, but also rewarding dilatory plaintiffs with access to a judicial forum. Far from suggesting such anomalous results,

the Court in *Sheehan* indicated that its ruling derived from a substantive concern about the need for finality in NRAB awards. That concern argues strongly against permitting a suit here. To put it differently, such a concern indicates that an NRAB award dismissing an action for exhaustion should, for purposes of the Act, be viewed as an award on the merits.[6]

■ Since we find that plaintiff's suit here is barred by the earlier determination of the NRAB, we turn now to plaintiff's allegations that this result violates his constitutional rights. These allegations are totally without merit and can be disposed of briefly. As a result of the 1966 amendments to the Act, no disparity rising to the level of a constitutional violation any longer exists between the treatment of employers and employees under the Act. See 45 U.S.C. § 153 First (p) and (q). Plaintiff has meanwhile failed to demonstrate how the Railway Labor Act procedure established by Congress for disposing of claims arising from a collective bargaining agreement differs from the judicially-created procedure for disposing of arbitration awards. Being a reasonable substitution for a jury trial, neither procedure would be deemed to violate plaintiff's Seventh Amendment rights, especially since the Act supplies ample safeguards in 45 U.S.C. § 153 First. *Brotherhood of Railroad Trainmen v. Denver & R.G.W.R. Co.*, 370 F.2d 833, 836 (10th Cir. 1966), certiorari denied, 386 U.S. 1018, 87 S.Ct. 1375, 18 L.Ed.2d 456. Finally, plaintiff's assertion that he lacks the special judicially-cognizable claims available to women and minorities under Title VII of the Civil Rights Act of 1964 and similar

**6.** This case does not present a situation such as in *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842, where the Supreme Court stated that notwithstanding exclusive jurisdiction in an arbitrator under a collective bargaining agreement, an employee could sue in district court if he could show that his union violated its duty of fair representation in failing to pursue his claim before the arbitrator. In that case, the Court required not only that the union's refusal be wrongful, but also that the union have sole power to invoke the stages of the grievance procedure. Plaintiff here has not

alleged that the contract gave the union sole power to pursue his grievance, and 45 U.S.C. § 153 First (i) provides that he himself may appeal to the NRAB, as in fact he ultimately did. In addition, in *Vaca*, the employee had a separate statutory basis for his suit and the requirement of deference to arbitration was judicially created. Here, by contrast, the employee lacks similar rights in the face of a statute that expressly restricts actions challenging NRAB determinations. Finally, this issue has not even been raised by plaintiff and was therefore waived.

legislation may raise equal protection concerns, but these concerns relate to Title VII and not to the Railway Labor Act which primarily confers on the NRAB power to settle grievances and disputes over the application or interpretation of collective bargaining contracts (45 U.S.C. § 153 First (i)). As a result, these and plaintiff's other constitutional arguments supply no reason for overturning Judge Bua's dismissal of the allegations against C&NW contained in Count II of the complaint.

Judgment affirmed.