Edward KOZINA, Plaintiff,

v.

BALTIMORE AND OHIO CHICAGO
TERMINAL RAILROAD
COMPANY, Defendant.

No. 84 C 6835.

United States District Court,
N.D. Illinois, E.D.

Dec. 27, 1984.

Gregory A. Adamski, Stephen M. Thacker, Carponelli, Krug, Adamski & Goodstein, Chicago, Ill., for plaintiff.

James R. Gannon, Paul V. Esposito, Douglas A. Lindsay, Thomas E. Brabec, Lewis, Overbeck & Furman, Chicago, Ill., for defendant.

**54**

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter comes before the court on the defendant Baltimore and Ohio Terminal Railroad's motion to dismiss plaintiff Kozina's complaint because this court lacks subject matter jurisdiction over the plaintiff's action. For the following reasons, the defendant's motion is granted.

Plaintiff alleges in his complaint that the action arises under the Railway Labor Act, 45 U.S.C. § 151 *et seq.* Defendant employed plaintiff from 1969 until August 1983. During his employment, plaintiff was a member of the United Transportation Union (UTU). Plaintiff suffers from diabetes which was initially controlled by diet, and later, at the time of his discharge, was controlled by diet and insulin. About August 3, 1983, plaintiff alleges that he was telephoned and told not to report to work that shift or again because of his medical condition. About one week later, plaintiff alleges he received a letter from a medical officer with the Chessie System Railroads informing him that he was being removed from service as a switchman because of his diabetic condition and accompanying use of insulin. When plaintiff informed the union "grievor," John Lusneski, of his discharge, plaintiff alleges that Lusneski told him "that there was nothing that the United Transportation Union would be able to do in his behalf." Plaintiff further alleges that defendant did not offer him another position. He applied for a total and permanent disability annuity which the United States Railroad Retirement Board denied because his diabetic condition did not disqualify him from *all* types of work.

Therefore, plaintiff alleges he was wrongfully discharged solely on the basis of his diabetic handicap and his rights to due process of law were violated because he was discharged without a hearing in an arbitrary and capricious manner. Plaintiff seeks an injunction, re-instatement to employment, and damages equal to back pay and fringe benefits.

Both parties acknowledge that section 153 of the Railway Labor Act provides that the National Railroad Adjustment Board has jurisdiction over disputes between a railroad and its employees growing out of collective bargaining agreements, rules, or working conditions. § 153(i). The parties also recognize that courts have imposed an exhaustion of remedies requirement on all claims brought under the Railway Labor Act. Furthermore, both agree that the courts have permitted certain exceptions to be made to this requirement.

Plaintiff contends, first, that the exceptions to the exhaustion requirement apply to his circumstances, and second, that his claim for wrongful discharge is not based solely on the collective bargaining agreement but also upon Federal constitutional and state statutory and common law rights which would exempt it from the exhaustion doctrine.

The first exceptions which plaintiff relies upon are rooted in two United States Supreme Court cases: *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) and *Glover v. St. Louis-San Francisco Ry. Co.,* 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969). In *Vaca,* the Court found that an employee will be excused from the exhaustion requirement upon a showing that the employer repudiated the administrative procedures for processing grievances, 386 U.S. at 185, 87 S.Ct. at 914, or that the union, acting as bargaining agent, breached its duty of fair representation in handling the employee's grievance. 386 U.S. at 186, 87 S.Ct. at 914. In *Glover,* the Court stated that the exhaustion of remedies would not be required where the effort would be totally futile. 393 U.S. at 330, 89 S.Ct. at 551.

Plaintiff argues that his claim falls within these exceptions because plaintiff was told that there was nothing the union "grievor" would do on his behalf, which plaintiff argues is a breach of the union's duty of fair representation. Because of this breach, plaintiff asserts that any resort to arbitration will be a futile and unnecessary effort. Plaintiff does not al-

lege that the employer repudiated the administrative procedures. Therefore, the exception to be examined here is the alleged breach of duty of fair representation by the union. The Seventh Circuit defines the duty of fair representation as follows: the union has a duty to represent every worker in the bargaining unit fairly, but it breaches that duty only if it deliberately and unjustifiably refuses to represent the worker. Even gross negligence is not enough; there must be intentional misconduct. *Graf v. Elgin, Joliet and Eastern Ry. Co.*, 697 F.2d 771 (7th Cir.1983). In this case, the plaintiff's union "grievor" stated that "there was nothing that the United Transportation Union would be able to do in his behalf in this matter." The plaintiff does not allege that he asked the "grievor" to file a grievance or that the "grievor" refused to begin that process. It does not constitute intentional misconduct for a union "grievor" to believe that a grievance may have little merit or hope for success. *Vaca v. Sipes*, 386 U.S. at 192–95, 87 S.Ct. at 917–19. Moreover, a union is not required to prosecute a grievance that it honestly believes lacks merit. *Id.* Plaintiff presents no allegations that the "grievor" was acting in bad faith. Therefore, in this case, plaintiff had not yet requested the union to file a grievance and none of the facts allege behavior which constitutes intentional misconduct by the union. Plaintiff's case does not fall within this exception.

■ Nor does it appear that pursuing and exhausting these remedies will be wholly futile. The grievance procedure is not begun and if plaintiff does not have faith in his union "grievor," this will not render the process useless. Plaintiff may prosecute his grievance on his own. He is not required to use the union "grievor." *Essary v. Chicago & N.W. Transport. Co.*, 618 F.2d 13, 17 n. 6 (7th Cir.1980). Therefore, plaintiff's claim does not fall within this exception either.

■ The plaintiff has also argued that his claim for wrongful discharge is not based solely upon the collective bargaining agreement and therefore should be exempted from the exhaustion of remedies requirement. The plaintiff argues that the wrongful discharge claim includes rights under the Federal constitution and Illinois statutory and common law rights. These claims by the plaintiff do not remove his action from the Railway Labor Act. In *Andrews v. Louisville N.R.R.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972), the Supreme Court found that a plaintiff's remedy for state actions for breach of contract are precluded by his exclusive remedy under the Railway Labor Act. 406 U.S. at 325, 92 S.Ct. at 1565. The constitutional issues of due process which plaintiff raises do not act to exempt him from the exhaustion of remedies requirement. Plaintiff alleges that the due process violations occurred when the defendant acted to discharge him. He argues he was discharged without a proper hearing and arbitrarily and capriciously. Under Seventh Circuit law, when due process violations occur at the initial stages of a grievance procedure, the dispute is characterized as one between private parties. At this stage, there is no requisite government involvement and no action for violation of due process. In this dispute between private parties, the Federal courts are not to act as the guarantors of the rights of either management or labor. *Edwards v. St. Louis-San Francisco Ry. Co.*, 361 F.2d 946 (7th Cir.1966); *Dorsey v. Chesapeake and Ohio Ry. Co.*, 476 F.2d 243 (4th Cir.1973). The plaintiff's alleged due process violations arose in a dispute between private parties before the grievance procedure was even begun. Therefore, these claims do not exempt him from the exhaustion of remedies doctrine.

The defendant's motion to dismiss for lack of subject matter jurisdiction is therefore granted.